# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# NORTHERN DIVISION

LELAND WEGENER, JR.,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

_____/

Civil No. 05-CV-10028-BC
Criminal No. 03-CR-20029-BC

DISTRICT JUDGE DAVID M. LAWSON
MAGISTRATE JUDGE CHARLES BINDER

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE OR CORRECT SENTENCE

**I.    RECOMMENDATION**

**IT IS RECOMMENDED** that Petitioner's motion under 28 U.S.C. § 2255 be **DENIED**.

**II.    REPORT**

    **A.    Introduction**

Pending, pursuant to an Order of Reference from United States District Judge David Lawson (Dkt. 25), is the above-entitled motion filed under 28 U.S.C. § 2255 to vacate Petitioner's federal custodial sentence. (Dkt. 24.) Respondent filed a response opposing the motion after being granted two enlargements of time (Dkts. 29, 32 & 33), and Petitioner filed a reply on July 18, 2005, after being granted an extension of time. (Dkts. 35 & 37.) I therefore conclude that pursuant to E.D. Mich. LR 7.1(e)(2), this motion is now ready for Report and Recommendation without oral argument.

### B.     Procedural History

On May 28, 2003, the grand jury returned an indictment charging Petitioner with 22 counts of bank fraud in violation of 18 U.S.C. § 1344. (Dkt. 1.) Petitioner retained William Brisbois as his counsel, and a Rule 11 Plea Agreement was filed on August 25, 2003. (Plea Agreement, Dkt. 9.) This agreement provided that Petitioner would plead guilty to Count 9 of the indictment, with the remaining counts being dismissed at the time of sentencing. (*Id*. at 1.) The parties stipulated that Petitioner would be treated for sentencing purposes as if he had been convicted of all counts of the complaint and that an "Abuse of Position of Trust" enhancement under U.S. Sentencing Guideline ("U.S.S.G.") § 3B1.3 was applicable. (*Id*. at 3.) The plea agreement recites that Petitioner was to be sentenced to no more than the applicable guideline range determined by the Court and repeats that conduct in dismissed counts may be considered at the time of sentencing. (*Id*. at 4.) The agreement also contains a waiver of appeal rights with the exception that Petitioner could appeal various sentencing issues if he first filed a timely objection to matters set forth in the pretrial investigation report. Petitioner tendered a plea of guilty based on the Rule 11 Plea Agreement on August 25, 2003.

On November 24, 2003, Attorney Brisbois filed a motion for downward departure and for limitation of restitution order on behalf of Petitioner. (Dkt. 15.) In a supporting brief, counsel argued that under U.S.S.G. 5K2.13, a downward departure was appropriate as Petitioner acted "with a diminished capacity due to a severe episode of pathological gambling disorder[.]" (Br. in Supp., Dkt. 15 at 1.) Counsel also argued that the Court should exclude from restitution the cost of an in-house investigation conducted by Petitioner's employer, Wolverine Bank. Counsel also argued that the bank was not a "victim" within the meaning of 18 U.S.C. §§ 3663 and 3663A.

2

Respondent filed a response and brief in opposition, and Attorney Brisbois filed a reply. (Dkts. 19 & 20.)

A presentence investigation report was prepared, and neither party filed objections to the report. Petitioner was sentenced by Judge Lawson on March 8, 2004, to a custodial sentence of 37 months' imprisonment based on a total offense level of 21 with a criminal history category of I. (J., Dkt. 21.) Restitution in the amount of $468,111.83 was ordered to be paid in full immediately. (*Id.*) At the time of sentencing, Judge Lawson declined the invitation to apply the downward departure set forth in U.S.S.G. § 5G2.13, stating, "For these reasons, and for the other reasons that I've mentioned, I do not believe it is appropriate to depart from the guideline range that has been established by the Sentencing Commission. As I said, the elements are there. However, in the Court's discretion, I decline to make that departure. On the other hand, I do believe that a sentence at the lower end of the guideline range is appropriate given Mr. Wegener's background, his circumstances, and his need to address his gambling addiction going forward." (Sent. Tr., Dkt. 27 at 54.) In calculating the restitution, Judge Lawson granted Attorney Brisbois' request to exclude the in-house investigation from the amount of restitution. At the close of sentencing proceedings, Judge Lawson gave Petitioner a statement of his appellate rights. (*Id.* at 57-58.)

No direct appeal was filed. Approximately 11 months later, however, the instant motion was filed. Petitioner raises three grounds in support of the instant motion; (1) that an unlawful offense level calculation resulted in a violation of Petitioner's constitutionally protected rights, (2) that counsel was ineffective in allowing the offense level calculation previously described and the use of the November 1, 2002, guideline manual in sentencing, and (3) that counsel was ineffective in failing to advise Petitioner of his appellate rights.

**C.     Analysis and Conclusions**

**1.     Governing Law of § 2255**

In order to prevail on a § 2255 motion, a petitioner must show a "fundamental defect which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994). A § 2255 motion is not a substitute for a direct appeal. When a petitioner raises a claim under § 2255 that he failed to raise at the appellate level, a court is generally precluded from reviewing the merits of such a claim unless a petitioner can show: (1) cause for his failure to raise the claim earlier in a direct appeal; and (2) actual prejudice stemming from the alleged violation. *See Reed v. Farley*, 512 U.S. 339, 354-55, 114 S. Ct. 2291, 129 L. Ed. 2d 277 (1994). However, the Sixth Circuit has held that a post-conviction motion under § 2255 is the proper vehicle for raising claims of ineffective assistance of counsel in the first instance. *United States v. Crowe*, 291 F.3d 884, 886 (6th Cir. 2002) (citing *United States v. Wunder,* 919 F.2d 34, 37 (6th Cir. 1990)). Here, all of Petitioner's claims are in essence based upon alleged ineffective assistance of counsel.

**2.     Governing Law of Ineffective Assistance of Counsel Claims**

Claims of ineffective assistance of counsel are governed by the U.S. Supreme Court's rule pronounced in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). In *Strickland*, the Court enunciated a two-prong test that must be satisfied to prevail on an ineffective assistance of counsel claim. First, the movant must show that counsel's performance was deficient in that it fell below an objective standard of reasonableness. *Strickland*, 466 U.S. at 688. Second, the movant must show that he was prejudiced by the deficiency to such an extent that the result of the proceeding is unreliable. *Id*. It is not enough to show that the alleged error "had some conceivable affect on the outcome of the proceeding." *Id.* Rather, the movant must

4

show that but for counsel's errors, the result would have been favorably different. *Id*. at 693. Failure to make the required showing under either prong of the *Strickland* test defeats the claim. *Id*. at 700.

The Supreme Court has explained that "[t]he essence of an ineffective-assistance claim is that counsel's unprofessional errors so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect." *Kimmelman v. Morrison*, 477 U.S. 365, 374, 106 S. Ct. 2574, 91 L. Ed. 2d 305 (1986). This language highlights the Supreme Court's consistent view that the Sixth Amendment right to counsel is a safeguard to ensure fairness in the trial process. In *Lockhart v. Fretwell*, 506 U.S. 364, 113 S. Ct. 838, 122 L. Ed. 2d 180 (1993), the Court clarified the meaning of "prejudice" under the *Strickland* standard, explaining:

> Under our decisions, a criminal defendant alleging prejudice must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." . . . Thus, an analysis focusing solely on the mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective.

*Lockhart*, 506 U.S. at 369 (citations omitted).

### 3. Ground One – Unlawful Offense Level Calculation

Citing *United States v. Booker* and *United States v. Fanfan*, 125 S. Ct. 738 (2005), Petitioner argues that his sentence is unconstitutional in that the restitution loss amount used to determine the offense level "may be incorrect, and were not by his [Petitioner's] admission, therefore violating his [Petitioner's] constitutional rights." (Br. in Supp., Dkt. 24 ¶ 1.)

In *Booker*, the Supreme Court held that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a

5

reasonable doubt." *Booker*, 125 S. Ct. at 756. In this case, even assuming that the holding of *Booker* applies under the facts of Petitioner's guilty plea and sentence, Petitioner nevertheless is clearly not entitled to relief because the Sixth Circuit has held that *Booker* does not apply retroactively to cases, such as this, on collateral review. *Humphress v. U.S.*, 398 F.3d 855, 863 (6th Cir. 2005). *Accord Varela v. U.S.*, 400 F.3d 864, 868 (11th Cir. 2005); *McReynolds v. U.S.*, 397 F.3d 479, 481 (7th Cir. 2005). As a result, counsel's representation in this respect could not have been below the standards of *Strickland*, and therefore, I suggest that on this ground, the motion be denied.

### 4. Ground Two – Sentencing Guideline Calculation

Review of the indictment indicates that the conduct alleged in Count 9, to which Petitioner pled guilty, took place on March 14, 2000. (Dkt. 1.) The remaining counts which formed the basis for Judge Lawson's sentencing calculation took place between October 12, 1998, and April 8, 2002.

In the instant motion, Petitioner alleges that the November 1, 2002, guideline manual was erroneously used and asserts that the November 1, 1997, manual should have been utilized, and that, as a result, a 22-month difference in the low end of the applicable guideline range as well as differences in the restitution calculation between the manuals caused Petitioner to be improperly sentenced. Beyond citing the effective date of the guidelines manual sought to be asserted, Petitioner provides no legal basis supporting this argument.

The Government responds pointing out that at the time the Presentence Investigation Report was prepared the 2002 Guidelines Manual was used in sentencing guideline calculations, as the 2003 Guidelines Manual had not yet been published. During Petitioner's sentencing, the following colloquy took pace between his attorney, Mr. Brisbois, and Judge Lawson, with Petitioner present:

6

Mr. Brisbois, did you receive a copy of the pre-sentence report?

MR. BRISBOIS: I have, as well as the revised pre-sentence. I've had an opportunity to review this with Mr. Wegener.

THE COURT: Have you answered all of his questions, and have you gone over it thoroughly with him and explained the nature of the report, the guideline calculations, and so forth?

MR. BRISBOIS: Yes.

THE COURT: I do have your motion for downward departure, but other than that do you have any objections that the court needs to address now that the issue regarding the investigative costs as a component of restitution has been withdrawn?

MR. BRISBOIS: Thank you. No.

(Sent. Tr., Dkt. 27 at 4-5.) Judge Lawson then proceeded to explain in detail the sentencing guideline calculations reached by the Court. (*Id*. at 5-7.)

The following policy statement appears in both the sentencing guideline manual used in the presentence report and that advocated by the Petitioner:

§1B1.11.   **Use of Guidelines Manual in Effect on Date of Sentence**  (**Policy Statement**)

(a)   The court shall use the Guidelines Manual in effect on the date that the defendant is sentenced.

(b)   (1)   If the court determines that the use of the Guidelines Manual in effect on the date that the defendant is sentenced would violate the ex post facto clause of the United States Constitution, the court shall use the Guidelines Manual in effect on the date that the offense of conviction was committed.

(2)   The Guidelines Manual in effect on a particular date shall be applied in its entirety. The court shall not apply, for example, one guideline section from one edition of the Guidelines Manual and another guideline section from a different edition of the Guidelines Manual. However, if a court applies an earlier edition of the Guidelines Manual, the court shall consider subsequent amendments, to the extent that such

> amendments are clarifying rather than substantive changes.
> (emphasis supplied).

U.S.S.G. Manual (emphasis added).

> In an affidavit attached to the Government's response, Mr. Brisbois states:
>
> Mr. Wegener's second ground is that I rendered ineffective assistance of counsel to him in that the incorrect guideline manual was used in computing his offense. Mr. Wegener now states that the 1997 guideline manual should have been used. I advised Mr. Wegener that the 1998 was the commencement that we were aware of of [sic] any wrongdoing on his part and that was consistent with what Mr. Wegener had told me. The 2002 guideline manual was used in computing his sentencing, perhaps the 1998 guideline manual would have been appropriate but by my calculations they arrive at exactly the same guideline levels.

(Brisbois Aff., attached to Resp., Dkt. 33 ¶ 9.)

After considering Petitioner's arguments, I find no basis supporting this ground. I note initially that neither Petitioner nor his attorney filed objections to the Presentence Investigation Report. Furthermore, Petitioner was of course present at his sentencing, and listened without objection to Judge Lawson's detailed recitation of the guideline calculations underlying the sentence he received. Moreover, as correctly pointed out by the Government, had the Petitioner's sentence been based upon the November 5, 2003, guidelines manual, which was in effect as of the actual date of Petitioner's sentencing, Petitioner's exposure would have been greater with a low-end guideline range sentence four months longer than that which he actually received. Since this is a potential *ex post facto* violation, § 1B1.11 dictates that this manual not be used. I further suggest that the Government and Petitioner's attorney correctly contend that both the 2002 Guidelines Manual, and the 1998 Guidelines Manual, which was in effect at the time the conduct pled to in Count 9 took place, would have yielded the same adjusted sentencing guideline range. I therefore suggest that Attorney Brisbois did not deny Petitioner effective assistance of counsel in this regard and that therefore, on this ground, the motion should be denied.

8

**5.     Ground Three – Appeal Rights**

In the final ground of the motion, Petitioner asserts that Attorney Brisbois failed to advise him concerning his right to appeal the sentence and that he has not been provided with documents such as the presentence report and the Rule 11 Plea Agreement, in an alleged effort by Mr. Brisbois to conceal his ineffective assistance. However, during the sentencing, Judge Lawson explicitly advised Petitioner as follows:

> In addition, you have a right to appeal your sentence if you believe that the sentence was contrary to the law. In this particular case you engaged in a limited waiver, I do believe, of your right to appeal. But you have not waived your right to challenge the Court's ruling on sentencing factors. So you have a right to appeal that conviction if you wish.
>
> Mr. Brisbois is retained, I believe, to represent you. He will continue to be your attorney unless he is relieved by an order of the Court or Court of Appeals. That can be done. If you believe that you cannot afford an attorney, Mr. Brisbois can file an appropriate motion. And if you do qualify, an attorney will be appointed to represent you. However, your right to appeal exists for a period of ten days. You must file a Notice of Appeal within that ten-day period. It is unlikely that a motion will be heard and decided within that ten-day period. So I would suggest that you work with Mr. Brisbois to protect your appeal and document it within that period of time if that in fact is your wish.
>
> . . . .
>
> Do you have any questions about the Court's sentence, Mr. Wegener?
>
> THE DEFENDANT: No, sir.
>
> THE COURT: Do you have any question about your appeal rights?
>
> THE DEFENDANT: We can discuss them.

(Sent. Tr., Dkt. 27 at 58-59.)

In his affidavit, Mr. Brisbois states:

> His third ground is that we rendered ineffective assistance of counsel in not advising him of his appellant rights. I did discuss with Mr. Wegener his appellate rights and told him that it would not be in his best interest to file an appeal, basically because

9

>we had received what we bargained for.  Mr. Wegener goes on to recite that on numerous occasions I relayed to him that he would not be sentenced on a fraud loss or over a million dollars.  This statement by Mr. Wegener is absolutely incorrect. What Mr. Wegener seems to be confusing here is the restitution amount with the fraud loss amount of over one million dollars. . . .  There is no question in my mind that Mr. Wegener at the time the Rule 11 Agreement was entered into understood the difference between loss amount calculated under the guidelines as well as opposed to loss amount for the purpose of restitution.  Mr. Wegener and I worked very hard to try and come up with some method of demonstrating the potential loss under the guidelines was under a million dollars.  We were unable to do so.  As for Mr. Wegener's allegation that we withheld information from him is patently untrue. Mr. Wegener was given a copy of his Rule 11 Agreement, and was given a copy of his presentence report.  Further, I would state that there is nothing in the Rule 11 Agreement or presentence report that would demonstrate any ineffective assistance of counsel on my part.  I declare under declaration under Title 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct, executed on May 31, 2005.

(Brisbois Aff., Dkt. 33 ¶ 10.)

Petitioner's assertions in this ground of the motion are therefore, I suggest, conclusively refuted both by the transcript of the sentencing proceedings and by the sworn statements made by Attorney Brisbois.  I therefore suggest that Petitioner's motion be denied on this ground.

## III.   REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*,

10

829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

                                                s/ *Charles E Binder*
                                                CHARLES E. BINDER
Dated: October 7, 2005                    United States Magistrate Judge


## CERTIFICATION

I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on James Brunson and William Brisbois, and served in the traditional manner on Leland Wegener and Honorable David M. Lawson.


Dated:  October 7, 2005                    By     s/Mary E. Dobbick
                                                        Secretary to Magistrate Judge Binder